WILLIAM E. KENNEDY (CSB #158214)
LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
(408) 241-1000 phone
(408) 241-1500 fax

Attorney for Plaintiff GERARD WYTMAN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GERARD WYTMAN<br><br>Plaintiff,<br><br>vs.<br><br>CHASE HOME FINANCE LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,<br><br>Defendants. | Case No. C08 01134 PVT<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ. AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES REPORTING ACT |

Plaintiff, GERARD WYTMAN, hereby brings this complaint against defendants CHASE HOME FINANCE LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC.

## JURISDICTION

1. Federal jurisdiction is present in this action which is brought under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

## INTRADISTRICT ASSIGNMENT

2. This action is filed in the San Jose Division of the United States District Court, Northern District of California. Such intradistrict assignment is proper because Plaintiff's claims arose from acts of the Defendant perpetrated therein.

COMPLAINT

1

## PARTIES

3. The Plaintiff (hereafter "Mr. Wytman") brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C §1681 et seq. (hereafter referred as "FCRA"). Defendants refused to delete derogatory information concerning two mortgage accounts despite the fact that Mr. Wytman repeatedly provided proof that the information was incorrect, including a letter from Chase itself. Mr. Wytman seeks actual damages, punitive damages, statutory damages, costs and attorney's fees.

4. Mr. Wytman is a natural person and is a resident and a citizen of the State of California and of the United States. Mr. Wytman resides in San Jose, California. Mr. Wytman is a "consumer" as defined by 15 U.S.C. §1681a(c).

5. CHASE HOME FINANCE LLC (hereinafter "Chase") is a California LLC. Chase is a furnisher of credit reporting information to the credit reporting agencies.

6. EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax") is a California LLC. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

7. The Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.(hereinafter "Experian") is a California corporation. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

8. TRANS UNION LLC (hereinafter "Trans Union") is a California LLC. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

## STATEMENT OF FACTS

9. In December, 2005, Mr. Wytman re-financed his home. Through the re-finance, he paid off in full two loans owed to Chase.

10. The account numbers for the two loans which Mr. Wytman held with Chase were #100900426380049799 (hereinafter "Account #9799") and #100900426380050068 (hereinafter "Account #0068")

11. The payoff figure which Chase had provided on December 28, 2005 for loan #9799 was $127,276.95 with $27.00 daily interest after December 28, 2007.

COMPLAINT

12. Chase received $127,465.95 on January 4, 2006 with respect to Account #9799.

13. The $127,465.95 payment on January 4, 2006 with respect to Account #9799 was sufficient to pay the December 28, 2005 payoff figure of $127,276.95 plus seven days of interest.

14. The payoff figure which Chase had provided on December 29, 2005 for Account #0068 was $210,089.61 with daily interest of $40.55.

15. Chase received $210,332.91 on January 4, 2006 with respect to Account #0068.

16. The $210,332.91 payment on January 4, 2006 with respect to Account #0068 was sufficient to pay the December 29, 2005 payoff figure of $210,089.61 plus six days of interest.

17. Upon information and belief, Mr. Wytman made all payments on Account #9799 and Account #0068 on time, or within 30 days of the due date.

18. At some point, Chase erroneously reported to Equifax, Experian and Trans Union that Accounts #9799 and Account #0068 were past due and had been charged off.

19. Mr. Wytman, aided by his wife Patricia Wineman contacted Chase numerous times to request that it correct the erroneous derogatory credit information. Ultimately Chase provided a letter to Mr. Wytman which confirmed that the accounts were not charged off. However, the erroneous credit information remained on Mr. Wytman's credit reports.

20. In approximately early October, 2007, Mr. Wytman submitted online disputes to Equifax, Experian and Trans Union concerning the Chase account.

21. Neither Equifax, Experian and Trans Union removed the derogatory information concerning the Chase accounts from their respective credit reports.

22. On or about October 10, 2007 Mr. Wytman sent letters to Equifax, Experian, Trans Union and Chase requesting that the erroneous derogatory credit information concerning the two Chase accounts be deleted from his credit reports. The letters explained that both Chase accounts had been paid off in full and included documents which verified this to be the case.

23. Along with the letter sent to Equifax, Experian, Trans Union and Chase, Mr. Wytman attached the following exhibits:

    Exhibit A1    Payoff Amount for Acct #100900426380049799

    Exhibit A2    Payoff Amount for Acct #100900426380050068

COMPLAINT

| | |
|---|---|
| Exhibit A3 | Settlement Statement from Title Company |
| Exhibit A4 | Statement of Full Reconveyance from Chase |
| Exhibit A5 | Statement from Chase to remove charge off status Acct # 0068 |
| Exhibit A6 | Statement from Chase to remove charge off status Acct#9799 |

24. Neither Equifax, Experian nor Trans Union removed the derogatory Chase accounts from Mr. Wytman's credit report in response to the October 10, 2007 letter.

25. On November 27, 2007, Mr. Wytman sent another letter to Equifax, Experian, Trans Union and Chase which was substantially similar to the October 10, 2007 letter. However, in addition to the six exhibits, Mr. Wytman enclosed two additional exhibits. These additional exhibits were letters from Chase requesting that the credit reports stated "paid as agreed" with respect to accounts #0068 and #9799.

26. Neither Equifax, Experian nor Trans Union removed the derogatory Chase accounts from Mr. Wytman's credit report in response to the November 27, 2007 letter.

27. Mr. Wytman has applied for credit and based upon information furnished by Chase and reported by Equifax, Experian and Trans Union has suffered denials or unfavorable credit terms. Mr. Wytman was also denied a DMV Bond for his business.

28. Defendants have compromised Mr. Wytman's access to credit and other opportunities by providing erroneous or incomplete credit information and by failing to properly investigate the erroneous information despite plaintiff's several disputes. Mr. Whytman is currently threatened with foreclosure due to inability to refinance a mortgage loan.

### FIRST CLAIM OF RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (15 U.S.C. §1681e(b))

29. Plaintiff incorporates all other paragraphs as though fully set forth herein.

30. Equifax, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

COMPLAINT

31. As a result of this conduct, action and inaction of Equifax, Experian and Trans Union, the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from credit, mental and emotional pain, and the anguish, humiliation, and embarrassment of credit denials.

32. The conduct of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the conduct was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### SECOND CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (15 U.S.C. §1681i)

34. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

35. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i by failing to maintain and provide complete credit information regarding the Plaintiff's credit file after receiving actual notice of errors, by failing to conduct a reasonable investigation, and by failing to review and consider all relevant information submitted the consumer with respect to the disputed item of information.

36. As a result of the action and inaction of Equifax, Experian and Trans Union the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

37. The action and inaction of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

COMPLAINT

38. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### THIRD CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (California Civil Code §1785.14(b))

39. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

40. Equifax, Experian and Trans Union violated California Civil Code §1785.14(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

41. As a result of this conduct, action and inaction of Equifax, Experian and Trans Union, the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from a credit, mental and emotional pain, and the anguish, humiliation, and embarrassment of credit denials.

42. The action and inaction of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory, and punitive damages pursuant to Civil Code §1785.31(a)(2)(B). In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under Civil Code §1785(a)(1).

43. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to Civil Code §1785.31(a)(1) and §1785.31(d).

### FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (California Civil Code §1785.16(a) and (b))

44. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

45. Equifax, Experian and Trans Union violated California Civil Code §1785.16(a) and (b) by failing to maintain and provide complete credit information regarding the Plaintiff's credit file after receiving actual notice of errors, by failing to conduct a reasonable investigation,

COMPLAINT

6

and by failing to review and consider all relevant information submitted the consumer with respect to the disputed item of information.

46. As a result of the action and inaction of Equifax, Experian and Trans Union the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

47. The conduct of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory, and punitive damages pursuant to Civil Code §1785.31(a)(2)(B). In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under Civil Code §1785(a)(1)

48. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to Civil Code §1785.31(a)(1) and §1785.31(d).

### FIFTH CLAIM FOR RELIEF AGAINST CHASE

49. Plaintiff incorporates all other paragraphs as though fully set forth herein.

50. 15 U.S.C. §1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies. The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of §1681s-2b.

51. Plaintiff communicated his dispute regarding the derogatory credit information to the Equifax, Experian and Trans Union on multiple occasions. Thereafter, plaintiff is informed and believes that each of these credit reporting agencies notified Chase of the dispute in accordance with §1681i(a)(2) each time it received a dispute from plaintiff.

52. Thereafter, plaintiff is informed and believes that Chase failed to review all relevant information provided by the credit reporting agencies and/or conduct a reasonable

COMPLAINT

investigation, in violation of §1681s-2b.

53. In addition, plaintiff is informed and believes that Chase notified the credit reporting agency that the derogatory credit information reported with respect to the plaintiff was correct.

54. Plaintiff is informed and believes that the violation of §1681s-2b by Chase was willful. In the alternative, plaintiff is informed and believes that the violation of §1681s-2b by Chase was negligent.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays that the Court grant:

a) Actual damages pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, and Civil Code §1685.31(a);

b) Punitive damages pursuant to 15 U.S.C. §1681n(a)(2) and Civil Code §1785.31(a)(2)(B);

c) For an injunction requiring defendants to correct Plaintiff's credit information pursuant to Civil Code §1785.31(b);

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(c) and Civil Code §1785.31(a)(1) and §1785.31(d).

DATED: February 26, 2008          LAW OFFICE OF WILLIAM E. KENNEDY

                                  By: *William E Kennedy*
                                      WILLIAM E. KENNEDY
                                      Attorney for Plaintiff GERARD WYTMAN

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

DATED: February 26, 2008          LAW OFFICE OF WILLIAM E. KENNEDY

                                  By: *William E Kennedy*
                                      WILLIAM E. KENNEDY
                                      Attorney for Plaintiff GERARD WYTMAN

COMPLAINT

8