Darya S. Druch, Esq. (CSB #135827)
One Kaiser Plaza, Suite 480
Oakland, CA  94612
Telephone:  510-465-1788
Fax:  510-874-7219
E-Mail:  darya@daryalaw.com

*Local Counsel for Defendant Trans Union, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GERARD WYTMAN, <br>     Plaintiff, <br><br> vs. <br><br> CHASE HOME FINANCE LLC; <br> EQUIFAX INFORMATION SERVICES, LLC; <br> EXPERIAN INFORMATION SOLUTIONS, INC.; <br> and TRANS UNION LLC <br>     Defendants. | CASE NO. 5:08-cv-01134-PVT <br><br> **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**JURISDICTION**

1.   Federal jurisdiction is present in this action which is brought under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 <u>et seq</u>.

**<u>ANSWER:</u>**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE
DEFENSES – 5:08-cv-01134-PVT

Page 1 of 1

**INTRADISTRICT ASSIGNMENT**

2. This action is filed in the San Jose Division of the United States District Court, Northern District of California. Such intradistrict assignment is proper because Plaintiffs claims arose from acts of the Defendant perpetrated therein.

**ANSWER:** Trans Union denies that the statements contained in the first sentence of this paragraph require a response from Trans Union. Trans Union states that the remaining allegations contained in this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

3. The Plaintiff (hereafter "Mr. Wytman") brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C §1681 et seq. (here after referred as "FCRA"). Defendants refused to delete derogatory information concerning two mortgage accounts despite the fact that Mr. Wytman repeatedly provided proof that the information was incorrect, including a letter from Chase itself. Mr. Wytman seeks actual damages, punitive damages, statutory damages, costs and attorney's fees.

**ANSWER:** Trans Union denies that the statements contained in the first and third sentences of this paragraph require a response from Trans Union. Trans Union states that it has insufficient knowledge to admit or deny the remaining allegations of this paragraph and, so stating, denies them as they relate to Trans Union.

4. Mr. Wytman is a natural person and is a resident and a citizen of the State of California and of the United States. Mr. Wytman resides in San Jose, California. Mr. Wytman is a "consumer" as defined by 15 U.S.C. §1681a(c).

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

5. CHASE HOME FINANCE LLC (hereinafter "Chase") is a California LLC. Chase is a furnisher of credit reporting information to the credit reporting agencies.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

6. EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax") is a California LLC. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

7. The Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a California corporation. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

8. TRANS UNION LLC (hereinafter "Trans Union") is a California LLC. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

## STATEMENT OF FACTS

9. In December, 2005, Mr. Wytman re-financed his home. Through the re-finance, he paid off in full two loans owed to Chase.

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

10. The account numbers for the two loans which Mr. Wytman held with Chase were #xxxx-xxxx-xxxx-9799 (hereinafter "Account #9799") and #xxxx-xxxx-xxxx-0068 (hereinafter "Account #0068")[sic].

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

11. The payoff figure which Chase had provided on December 28, 2005 for loan #9799 was $127,276.95 with $27.00 daily interest after December 28, 2007.

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

12. Chase received $127,465.95 on January 4, 2006 with respect to Account #9799.

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

13. The $127,465.95 payment on January 4, 2006 with respect to Account #9799 was sufficient to pay the December 28, 2005 payoff figure of $127,276.95 plus seven days of interest.

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

14. The payoff figure which Chase had provided on December 29, 2005 for Account #0068 was $210,089.61 with daily interest of $40.55.

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

15. Chase received $210,332.91 on January 4, 2006 with respect to Account #0068.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

16. The $210,332.91 payment on January 4, 2006 with respect to Account #0068 was sufficient to pay the December 29, 2005 payoff figure of $210,089.61 plus six days of interest.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

17. Upon information and belief, Mr. Wytman made all payments on Account #9799 and Account #0068 on time, or within 30 days of the due date.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

18. At some point, Chase erroneously reported to Equifax, Experian and Trans Union that Accounts #9799 and Account #0068 were past due and had been charged off.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

19. Mr. Wytman, aided by his wife Patricia Wineman contacted Chase numerous times to request that it correct the erroneous derogatory credit information. Ultimately Chase provided a letter to Mr. Wytman which confirmed that the accounts were not charged off. However, the erroneous credit information remained on Mr. Wytman's credit reports.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

20. In approximately early October, 2007, Mr. Wytman submitted online disputes to

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

Equifax, Experian and Trans Union concerning the Chase account.

**ANSWER:**    Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

21.    Neither Equifax, Experian and Trans Union removed the derogatory information concerning the Chase accounts from their respective credit reports.

**ANSWER:**    Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

22.    On or about October 10, 2007 Mr. Wytman sent letters to Equifax, Experian, Trans Union and Chase requesting that the erroneous derogatory credit information concerning the two Chase accounts be deleted from his credit reports. The letters explained that both Chase accounts had been paid off in full and included documents which verified this to be the case.

**ANSWER:**    Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

23.    Along with the letter sent to Equifax, Experian, Trans Union and Chase, Mr. Wytman attached the following exhibits:

    Exhibit A1    Payoff Amount for Acct #xxxx-xxxx-xxxx-9799

    Exhibit A2    Payoff Amount for Acct #xxxx-xxxx-xxxx-0068

    Exhibit A3    Settlement Statement from Title Company

    Exhibit A4    Statement of Full Reconveyance from Chase

    Exhibit A5    Statement from Chase to remove charge off status Acct # 0068

    Exhibit A6    Statement from Chase to remove charge off status Acct#9799

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

24. Neither Equifax, Experian nor Trans Union removed the derogatory Chase accounts from Mr. Wytman's credit report in response to the October 10, 2007 letter.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

25. On November 27, 2007, Mr. Wytman sent another letter to Equifax, Experian, Trans Union and Chase which was substantially similar to the October 10, 2007 letter. However, in addition to the six exhibits, Mr. Wytman enclosed two additional exhibits. These additional exhibits were letters from Chase requesting that the credit reports stated "paid as agreed" with respect to accounts #0068 and #9799.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

26. Neither Equifax, Experian nor Trans Union removed the derogatory Chase accounts from Mr. Wytman's credit report in response to the November 27, 2007 letter.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

27. Mr. Wytman has applied for credit and based upon information furnished by Chase and reported by Equifax, Experian and Trans Union has suffered denials or unfavorable credit terms. Mr. Wytman was also denied a DMV Bond for his business.

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny whether Plaintiff applied for credit and the allegations contained in the second sentence of this paragraph. Trans Union states that the remaining allegations contained in the first sentence of this paragraph, as they apply to Trans Union, are legal conclusions and, so stating, denies them.

28. Defendants have compromised Mr. Wytman's access to credit and other opportunities by providing erroneous or incomplete credit information and by failing to properly investigate the erroneous information despite plaintiffs several disputes. Mr. Whytman is currently threatened with foreclosure due to inability to refinance a mortgage loan. Plaintiff incorporates all other paragraphs as though fully set forth herein.

**ANSWER:** Trans Union denies the allegations contained in the first sentence of this paragraph as they apply to Trans Union. Trans Union states that it has insufficient knowledge to admit or deny the allegations contained in the second sentence of this paragraph. With respect to the third sentence of this paragraph, Trans Union reasserts its answers and responses set forth herein.

29. Equifax, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they relate to Trans Union.

30. As a result of this conduct, action and inaction of Equifax, Experian and Trans Union, the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

purchase and benefit from credit, mental and emotional pain, and the anguish, humiliation, and embarrassment of credit denials.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

31. The conduct of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the conduct was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. §168lo.

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

32. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and§1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

**SECOND CLAIM FOR RELIEF AGAINST EQUIFAX.
EXPERIAN AND TRANS UNION
(15U.S.C.§1681i)**

33. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

34. Equifax, Experian and Trans Union violated 15 U.S.C. §1681i by failing to maintain and provide complete credit information regarding the Plaintiffs credit file after receiving actual notice of errors, by failing to conduct a reasonable investigation, and by failing to review and consider all relevant information submitted the consumer with respect to the disputed

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

item of information.

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

35. As a result of the action and inaction of Equifax, Experian and Trans Union the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

36. The action and inaction of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

37. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

### THIRD CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (California Civil Code §1785.14(b))

38. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**1**  **ANSWER:** Trans Union reasserts its answers and responses set forth herein.

**2**  39. Equifax, Experian and Trans Union violated California Civil Code §1785.14(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

40. As a result of this conduct, action and inaction of Equifax, Experian and Trans Union, the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from a credit, mental and emotional pain, and the anguish, humiliation, and embarrassment of credit denials.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

41. The action and inaction of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory, and punitive damages pursuant to Civil Code §1785.31(a)(2)(B). In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under Civil Code §1785(a)(l).

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

42. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to Civil Code §1785.31(a)(1) and §1785.31(d).

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

### FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX. EXPERIAN AND TRANS UNION
### (California Civil Code §1785.16(a) and (b))

43. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

44. Equifax, Experian and Trans Union violated California Civil Code §1785.16(a) and (b) by failing to maintain and provide complete credit information regarding the Plaintiffs credit file after receiving actual notice of errors, by failing to conduct a reasonable investigation, and by failing to review and consider all relevant information submitted the consumer with respect to the disputed item of information.

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

45. As a result of the action and inaction of Equifax, Experian and Trans Union the Plaintiff suffered damage by loss of credit and other opportunities, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

46. The conduct of Equifax, Experian and Trans Union was willful, rendering it liable for actual or statutory, and punitive damages pursuant to Civil Code §1785.31(a)(2)(B). In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under Civil Code §1785(a)(l)

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**ANSWER:** Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.

47. The Plaintiff is entitled to recover costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to Civil Code §1785.31(a)(1) and §1785.31(d).

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

### FIFTH CLAIM FOR RELIEF AGAINST CHASE

48. Plaintiff incorporates all other paragraphs as though fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

49. 15 U.S.C. §1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies. The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of §1681 s-2b.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

50. Plaintiff communicated his dispute regarding the derogatory credit information to the Equifax, Experian and Trans Union on multiple occasions. Thereafter, plaintiff is informed and believes that each of these credit reporting agencies notified Chase of the dispute in accordance with §1681i(a)(2) each time it received a dispute from plaintiff.

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

51. Thereafter, plaintiff is informed and believes that Chase failed to review all relevant information provided by the credit reporting agencies and/or conduct a reasonable investigation, in violation of §1681s-2b.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

52. In addition, plaintiff is informed and believes that Chase notified the credit reporting agency that the derogatory credit information reported with respect to the plaintiff was correct.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

53. Plaintiff is informed and believes that the violation of §1681 s-2b by Chase was willful. In the alternative, plaintiff is informed and believes that the violation of §1681s-2b by Chase was negligent.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the Court grant:

a) Actual damages pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, and Civil Code §1685.31(a);

b) Punitive damages pursuant to 15 U.S.C. §1681n(a)(2) and Civil Code §1785.31(a)(2)(B);

c) For an injunction requiring defendants to correct Plaintiffs credit information pursuant

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

to Civil Code §1785.310);

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(c) and Civil Code §1785.31(a)(l) and §1785.31(d).

**ANSWER:** Trans Union denies that Plaintiff is entitled to the relief requested in this paragraph, and its subparts, from Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§1681h(e) and/or 1681(t).

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his/her damages, if any.

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/ Darya S. Druch*
Darya S. Druch, Esq. (CSB #135827)
One Kaiser Plaza, Suite 480
Oakland, CA  94612
Telephone:  510-465-1788
Fax:  510-874-7219
E-Mail:  darya@daryalaw.com

*Local Counsel for Defendant Trans Union, LLC*

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** has been filed electronically on the **28th day of March, 2008**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| William E. Kennedy, Esq.  willkennedy@pacbell.net | |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the 28th **day of March, 2008**, properly addressed as follows:

| **for Defendant Trans Union, LLC**: | **For Plaintiff Gerard Wytman** |
|---|---|
| Alan M. Gill, Esq.  Christopher T. Lane, Esq.  Schuckit & Associates, P.C.  30th Floor, Market Tower  10 W. Market Street, Suite 3000  Indianapolis, IN  46204 | William E. Kennedy  Law Office of William E. Kennedy  2797 Park Ave, Suite 201  Santa Clara, CA 95050 |

*s/ Darya S. Druch*
Darya S. Druch, Esq. (CSB #135827)
One Kaiser Plaza, Suite 480
Oakland, CA  94612
Telephone:  510-465-1788
Fax:  510-874-7219
E-Mail:  darya@daryalaw.com

*Local Counsel for Defendant Trans Union, LLC*

TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES – 5:08-cv-01134-PVT