1  Roya N. Graziano (State Bar No. 239259)
   rgraziano@jonesday.com
2  Emily Booth (State Bar No. 248008)
   ebooth@jonesday.com
3  JONES DAY
   3 Park Plaza, Suite 1100
4  Irvine, CA  92614
   Telephone:	(949) 851-3939
5  Facsimile:	(949) 553-7539

6  Attorneys for Defendant
   Experian Information Solutions, Inc.
7

8                   UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 | GERARD WYTMAN,                                    | Case No. C-08-01134-PVT
12 |                       Plaintiff,                  | ANSWER OF DEFENDANT EXPERIAN
                                                       | INFORMATION SOLUTIONS, INC. TO
13 |    v.                                             | PLAINTIFF GERARD WYTMAN'S
                                                       | COMPLAINT
14 | CHASE HOME FINANCE LLC, EQUIFAX                   |
   | INFORMATION SERVICES, LLC,                        | Complaint Filed:  February 26, 2008
15 | EXPERIAN INFORMATION SOLUTIONS,                   | Trial Date:  None Set
   | INC., TRANS UNION LLC,                            | Judge: Hon. Patricia V. Trumbull
16 |                                                   |
17 |                       Defendants.                 |

18

19                   **ANSWER AND AFFIRMATIVE DEFENSES**

20        NOW COMES defendant Experian Information Solutions, Inc., an Ohio Corporation

21 ("Experian"), by its undersigned counsel, and in answer to the Complaint of Gerard Wytman

22 ("Plaintiff"), states as follows:

23                              **JURISDICTION**

24        1.    In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has

25 claimed federal jurisdiction pursuant to 15 U.S.C. §1681 et seq. Experian states that this is a legal

26 conclusion, not subject to denial or admission.

27

28

LAI-2939766v1                                                                              **ANSWER**
                                          1

## INTRADISTRICT ASSIGNMENT

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has properly claimed that venue properly lies in the Northern District of California, San Jose Division. Experian states that this is a legal conclusions, not subject to denial or admission.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian denies each and every allegation contained therein. Specifically, Experian denies that Plaintiff is entitled to any relief, including actual or punitive damages, costs and attorneys' fees.

4. In response to paragraph 4 of the Complaint, Experian admits that Plaintiff is a citizen and resident of San Jose, California, United States. Experian further admits that under some circumstances, Plaintiff may be a "consumer" as defined by the FCRA.

5. In response to paragraph 5 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian admits that it is a consumer credit reporting agency as defined by 15 U.S.C. § 1681a(f).

8. In response to paragraph 8 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## STATEMENT OF FACTS

9. In response to paragraph 9 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein, including each and every subpart contained therein.

13. In response to paragraph 13 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

1  19. In response to paragraph 19 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

22. In response to paragraph 22 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

23. In response to paragraph 23 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

24. In response to paragraph 24 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

25. In response to paragraph 25 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other

Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

26. In response to paragraph 26 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

27. In response to paragraph 27 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

28. In response to paragraph 28 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

### FIRST CLAIM OF RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION (15 U.S.C. §1681e(b))

29. In response to paragraph 29 of the Complaint, Experian incorporates by reference Paragraphs 1 through 28 above as though fully set forth herein.

30. In response to paragraph 30 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

31. In response to paragraph 31 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein, including each and every subpart contained therein.

32. In response to paragraph 32 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

33. In response to paragraph 33 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

### SECOND CLAIM OF RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION (15 U.S.C. §1681i)

34. In response to paragraph 34 of the Complaint, Experian incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein.

35. In response to paragraph 35 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

36. In response to paragraph 36 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

37.     In response to paragraph 37 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

38.     In response to paragraph 38 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

**THIRD CLAIM OF RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION**
**(California Civil Code §1785.14(b))**

39.     In response to paragraph 39 of the Complaint, Experian incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein.

40.     In response to paragraph 40 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

41.     In response to paragraph 41 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

42.     In response to paragraph 42 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the

truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

43. In response to paragraph 43 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

## FOURTH CLAIM OF RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (California Civil Code §1785.16(a) and (b))

44. In response to paragraph 44 of the Complaint, Experian incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein.

45. In response to paragraph 45 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

46. In response to paragraph 46 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

47. In response to paragraph 47 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

48. In response to paragraph 48 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other

Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

### FIFTH CLAIM FOR RELIEF AGAINST CHASE

49. In response to paragraph 49 of the Complaint, Experian incorporates by reference Paragraphs 1 through 48 above as though fully set forth herein.

50. In response to paragraph 50 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51. In response to paragraph 51 of the Complaint, Experian denies each and every allegation contained therein that pertains to Experian. For those allegations that pertain to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies each and every allegation contained therein that pertains to other Defendants.

52. In response to paragraph 52 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54. In response to paragraph 54 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Neither Plaintiff's Complaint nor any purported cause of action asserted therein states facts sufficient to constitute a cause of action against Experian, and further fails to allege facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Experian.

### SECOND AFFIRMATIVE DEFENSE

**(Truth/Accuracy of Information)**

Experian is informed and believes, and thereon alleges, that Plaintiff's claims against Experian are barred, in whole or in part, because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

**(Indemnification)**

Experian is informed and believes, and thereon alleges, that any purported damages allegedly suffered by Plaintiff is the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate his alleged damages and/or injury, if any.

### FIFTH AFFIRMATIVE DEFENSE

**(Contributory/Comparative Fault)**

Experian is informed and believes, and thereon alleges, that any alleged damages sustained by Plaintiff was, at least in part, caused by actions of Plaintiff and/or third parties, and resulted from Plaintiff's or third parties' own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

LAI-2939766v1

10

ANSWER

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Independent Intervening Cause)

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## TENTH AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

Experian hereby adopts and incorporates by this reference any and all other affirmative defenses asserted or to be asserted by any other Defendants in this proceeding.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Improper Request for Punitive Damages)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

## PRAYER

WHEREFORE, Experian prays for the entry of judgment in its favor and against Plaintiff as follows:

1. That this action be dismissed in its entirety and with prejudice;
2. That Plaintiff takes nothing by way of the Complaint;
3. That Experian be awarded its attorneys' fees and costs of suit; and
4. For such other relief as this Court deems just and proper.

Dated: March 28, 2008

JONES DAY

By: _____
Roya N. Graziano

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

LAI-2939766v1

12

ANSWER

## PROOF OF SERVICE

I, **Kim L. Sarshar** declare I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On March 28, 2008, I served a copy of the within document:

**ANSWER OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. TO PLAINTIFF GERARD WYTMAN'S COMPLAINT**

by placing the documents listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

William E. Kennedy
Law Office of William E. Kennedy
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Tel:  (408) 241-1000
Fax:  (408) 241-1500

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 28, 2008, at Irvine, California.

_____
Kim L. Sarshar

LA1-2939766v1

1

**PROOF OF SERVICE**