JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
CHASE HOME FINANCE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GERARD WYTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,<br><br>    Defendant. | CASE NO.: C08-01134 PVT<br><br>JUDGE:   Hon. Patricia V. Trumbull<br><br>**ANSWER OF CHASE HOME FINANCE LLC**<br><br>Action Filed: February 26, 2008 |

**TO THE HONORABLE PATRICIA V. TRUMBALL, UNITED STATES MAGISTRATE JUDGE, PLAINTIFF, PLAINTIFF'S ATTORNEY OF RECORD, AND ALL INTERESTED PARTIES:**

Defendant Chase Home Finance LLC ("Chase") hereby submits the following answer in response to the complaint of plaintiff Gerard Wytman ("Wytman" or "Plaintiff").

///

///

## JURISDICTION

1. In response to paragraph 1 of the Complaint, Chase states that the statutes speak for themselves. However, Chase admits that this Court has jurisdiction and that the venue is proper.

## INTRADISTRICT ASSIGNMENT

2. In response to paragraph 2 of the Complaint, Chase states that the statutes speak for themselves. However, Chase admits that this Court has jurisdiction and that the venue is proper.

## PARTIES

3. In response to paragraph 3 of the Complaint, Chase states that the statutes speak for themselves. Chase further states that the damages Plaintiff seeks do no require an admission of fact, therefore Chase does not admit or deny. Except as expressly admitted herein, Chase denies.

4. In response to paragraph 4 of the Complaint, Chase states that the statutes speak for themselves. Except as expressly admitted herein, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies.

5. In response to paragraph 5 of the Complaint, Chase states that it is a Delaware limited liability company that services mortgage loans, in this regard, it collects related mortgage payments, including interest, and provides credit reporting information to credit reporting agencies. Except as expressly stated herein, Chase denies.

6. In response to paragraph 6 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

7. In response to paragraph 7 of the Complaint, Chase states that the statutes speak for themselves. With respect to the remaining allegations, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

8. In response to paragraph 8 of the Complaint, Chase states that the statutes speak for themselves. With respect to the remaining allegations, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

**STATEMENT OF FACTS**

9. In response to paragraph 9 of the Complaint, Chase denies that subject loans were paid in full. With respect to the remaining allegations, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

10. In response to paragraph 10 of the Complaint, Chase admits that it serviced the two loans. Except as expressly admitted herein, Chase denies.

11. In response to paragraph 11 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

12. In response to paragraph 12 of the Complaint, Chase admits.

13. In response to paragraph 13 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

14. In response to paragraph 14 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

15. In response to paragraph 15 of the Complaint, Chase admits.

16. In response to paragraph 16 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

17. In response to paragraph 17 of the Complaint, Chase admits that prior to January 4, 2006, all payments on account #9799 were made within 30 days of the due date.

18. In response to paragraph 18 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

19. In response to paragraph 19 of the Complaint, Chase admits that Plaintiff's wife called Chase several times to discuss the subject loans. As to the remaining allegations, Chase lacks

knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

20. In response to paragraph 20 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

21. In response to paragraph 21 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

22. In response to paragraph 22 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

23. In response to paragraph 23 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

24. In response to paragraph 24 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

25. In response to paragraph 25 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

26. In response to paragraph 26 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

27. In response to paragraph 27 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

28. In response to paragraph 28 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore

denies.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (15 U.S.C. §1681(b))

29. In response to paragraph 29 of the Complaint, Chase incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 28.

30. In response to paragraphs 30-33 of the Complaint, Chase does not respond, as this cause of action was not directed toward Chase.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (15 U.S.C. §1681i)

31. In response to paragraph 29 of the Complaint, Chase incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 33.

32. In response to paragraphs 35-38 of the Complaint, Chase does not respond, as this cause of action was not directed toward Chase.

## THIRD CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (California Civil Code §1785.14(b))

33. In response to paragraph 39 of the Complaint, Chase incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 38.

34. In response to paragraphs 40-43 of the Complaint, Chase does not respond, as this cause of action was not directed toward Chase.

## FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION
### (California Civil Code §1785.16(a) and (b))

35. In response to paragraph 44 of the Complaint, Chase incorporates into this response as though fully set forth herein each of its responses to paragraphs 1 through 43.

36. In response to paragraphs 45-48 of the Complaint, Chase does not respond, as this cause of action was not directed toward Chase.

## FIFTH CLAIM FOR RELIEF AGAINST CHASE
### (California Civil Code §1785.14(b))

37. In response to paragraph 49 of the Complaint, Chase incorporates into this response

<pre>                                                                       </pre>
<pre>                                                                       </pre>

as though fully set forth herein each of its responses to paragraphs 1 through 48.

38. In response to paragraph 50 of the Complaint, Chase states that the statutes speak for themselves. Chase further states that the damages Plaintiff seeks do no require an admission of fact, therefore Chase does not admit or deny. Except as expressly admitted herein, Chase denies.

39. In response to paragraph 51 of the Complaint, Chase lacks knowledge and information sufficient to form a belief regarding the truth of the allegations contained in said paragraph and therefore denies.

40. In response to paragraph 52 of the Complaint, Chase denies.

41. In response to paragraph 53 of the Complaint, Chase lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies.

42. In response to paragraph 54 of the Complaint, Chase states that the statutes speak for themselves. Except as expressly admitted herein, Chase denies.

As separate and distinct affirmative defenses to the Complaint on file in this action, Chase alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

43. The Complaint, and each cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action against Chase.

### SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

44. Plaintiff is estopped from asserting and/or recovering on any claims against Chase by reason of Plaintiff's own acts, omissions, and conduct.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

45. Plaintiff is barred by the equitable doctrine of waiver from asserting any claim against Chase.

///

<pre>                              6                                        </pre>
<pre>                            ANSWER                                     </pre>

<pre>1051670.2                                                              </pre>

<pre>ADORNO YOSS ALVARADO & SMITH                                           </pre>
<pre>      ATTORNEYS AT LAW                                                 </pre>
<pre>         SANTA ANA                                                    </pre>

<pre>Case 5:08-cv-01134-JF   Document 13   Filed 04/14/2008   Page 6 of 12  </pre>

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

46. Plaintiff is barred by the equitable doctrine of unclean hands from asserting any claim against Chase.

## FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Contract and Law)

47. The Complaint, including each cause of action contained therein, is barred by virtue of the fact that Chase has fully performed, discharged, and satisfied all obligations and duties imposed upon it by the subject agreement and law.

## SIXTH AFFIRMATIVE DEFENSE

### (Privilege)

48. The Complaint, including each cause of action contained therein, is barred by virtue of the fact that all of the acts alleged therein to have been performed by Chase was privileged or justified, if performed at all.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

49. The Complaint, and/or each and every purported cause of action contained therein, is barred because Plaintiff would be unjustly enriched if he prevailed on this Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

50. Chase alleges on information and belief that Plaintiff unreasonably delayed bringing his Complaint and/or each and every cause of action contained therein, to the prejudice of Chase, and therefore, the Complaint is barred under the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Comply with Requirements)

51. The Complaint, and/or each and every cause of action contained therein, is barred by Plaintiff's failure to comply with all requirements for any other remedy sought in the Complaint.

///

### TENTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

52. Chase is informed and believe and based thereon allege that Plaintiff knew or should have known that his failure to comply with the terms of the deed of trust and the note would lead to foreclosure of the Subject Property, and therefore, Plaintiff is estopped from asserting any adverse claim in the Complaint against Chase.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault)

53. Plaintiff's recovery, if any, must be reduced proportionately to the extent that any damages alleged by Plaintiff is caused and contributed to by Plaintiff's own actions.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Absence of Fault)

54. The Complaint, and/or each and every cause of action contained therein, is barred because there is absence of fault on Chase's part.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

55. The Complaint, and/or each and every cause of action contained therein, is barred by Plaintiff's consent.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Plaintiff's own actions)

56. The omissions, conduct and voluntary acts of Plaintiff proximately caused, or otherwise contributed to, the matters of which he complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

57. Plaintiff is barred from recovering monetary damages from Chase or any other relief against Chase to the extent Plaintiff failed to mitigate or reasonably attempt to mitigate his damages as required by law.

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

58. The Complaint, and/or each and every claim for relief contained therein, is barred on the ground that the alleged breach and/or act(s) of Chase was not the proximate cause of Plaintiff's alleged damages, if any, and Plaintiff was not injured or damaged in fact by any of the acts alleged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Public Policy)

59. Plaintiff's claims for relief are barred as a matter of public policy.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Comply with the Federal Credit Reporting Act)

60. Plaintiff's fifth claim for violation the Federal Credit Reporting Act against Chase is barred because Chase did not willfully fail to comply with the Federal Credit Reporting Act pursuant to 15 U.S.C. § 1681n(a).

### TWENTIETH AFFIRMATIVE DEFENSE

### (Correct Information was Provided to Credit Reporting Agencies)

61. Plaintiff's fifth claim for violation the Federal Credit Reporting Act against Chase is barred because all information provided to credit reporting agencies was true and correct.

### TWENTY FIRST AFFIRMATIVE DEFENSE

### (No punitive damages)

62. Plaintiff is not entitled to recover punitive or exemplary damages herein in any sum or sums whatsoever, and any allegations thereof should be stricken, because Plaintiff has failed to plead, and cannot establish, facts sufficient to support the allegations of malice, oppression, and/or fraud.

### TWENTY SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

63. Chase reserves its right to assert additional affirmative defenses in the event discovery and/or investigation indicates that additional affirmative defenses are applicable.

WHEREFORE, Chase prays:

1. That Plaintiff take nothing by his Complaint;

2. For dismissal of the Complaint with prejudice;

3. For attorneys' fees and costs of suit incurred; and

4. For such other and further relief as the Court may deem just and proper.


DATED: April 14, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
    S. CHRISTOPHER YOO
    ROCIO HERRERA
    Attorneys for Defendant
    CHASE HOME FINANCE LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On April 14, 2008, I served the foregoing document described as **ANSWER OF CHASE HOME FINANCE LLC** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐  **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 14, 2008, at Santa Ana, California.

/s/ Veronica Delgado
_____
Veronica Delgado

PROOF OF SERVICE

**SERVICE LIST**
**Gerard Wytman v. Chase Home Finance LLC, et al.**
**USDC, Northern District Case No. C08-01134 PVT**

William E. Kennedy, Esq.
Law Office of William E. Kennedy
2797 Park Avenue, Suite 201
Santa Clara, CA 95050

(408) 241-1000-telephone
(408) 241-1500-facsimile

**Attorney for Plaintiff, Gerard Wytman**

PROOF OF SERVICE