WILLIAM E. KENNEDY (CSB #158214)
LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
(408) 241-1000 phone
(408) 241-1500 fax

Attorney for Plaintiff GERARD WYTMAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GERARD WYTMAN | ) Case No.: CV08 01134 JF |
| Plaintiff, | ) |
| | ) **JOINT CASE MANAGEMENT** |
| vs. | ) **STATEMENT** |
| | ) |
| CHASE HOME FINANCE LLC, EQUIFAX | ) Date: June 20, 2008 |
| INFORMATION SERVICES, LLC, EXPERIAN | ) Time: 10:30 a.m. |
| INFORMATION SOLUTIONS, INC., TRANS | ) Courtroom: 3 |
| UNION LLC, | ) Hon. Jeremy Fogel |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff GERARD WYTMAN and Defendants CHASE HOME FINANCE LLC,

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS,

INC., and TRANS UNION LLC jointly submit the following Joint Case Management Statement

in accordance with Northern District Civil Local Rule 16-9 and the March 1, 2007 Standing

Order for all Northern District Judges Regarding Case Management Statements.


1.    **Jurisdiction And Service**

    Federal jurisdiction is present in this action which is brought under the Federal Fair

Credit Reporting Act, 15 U.S.C. §1681 et seq.

**2.    Facts**

Plaintiff Gerard Wytman's Statement

Mr. Wytman alleges that after he refinanced two Chase mortgages, Chase reported to the credit reporting agencies that the loans had been charged off.  In fact, Wytman had paid the exact amount of the payoff figure provided by Chase, plus daily interest.  Wytman disputed the derogatory credit information multiple times to both Chase and the credit reporting agencies.  As part of the dispute process, Wytman obtained from Chase itself letters which confirmed that the loan had been paid in full, and provided them to both the credit reporting agencies and to Chase. Notwithstanding these disputes, Chase and the credit reporting agencies rejected Wytman's disputes and continued to report the two mortgage charge-offs.  Wytman has suffered damages as a result of the mortgage charge-offs appearing on his credit report.  He brings this action under the state and federal fair credit reporting laws for damages, civil penalties, punitive damages, injunctive relief, attorney's fees and costs.


Defendant Chase Home Finance LLC's Statement

Chase Home Finance LLC ("Chase") reported the notation of "charged off" to credit reporting agencies as to two Chase loans made to plaintiff Gerard Wytman ("Wytman" or "Plaintiff"), because Plaintiff's refinancing did not completely pay off the two Chase loans. In late December 2005 or early 2006, there was a "stop payment" on a mortgage payment that was made in December 2005, which caused the payoff to be short by several thousand dollars. In short, Chase's reporting of "charge off" was accurate at the time they were made. Despite the accurate reporting, Chase has voluntarily agreed to remove the reporting of "charge off," and Plaintiff's credit should no longer reflect such a notation


Defendant Experian Information Solutions, Inc's Statement

This is a credit reporting case whereby Plaintiff is alleging that certain accounts which appear on her Experian credit file were reported inaccurately by Experian.  Defendant Experian

1   admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681 a (f) and, as such,

2   issues consumer reports as defined by 15 U.S.C. §1681 a (d).

3   Defendant Experian denies Plaintiff's allegations that it failed to maintain reasonable procedures

4   in reporting information concerning Plaintiff. Experian states that it has at all times maintained

5   reasonable procedures to ensure the maximum possible accuracy of the consumer credit

6   information it reported concerning Plaintiff pursuant to the Fair Credit Reporting Act (FCRA).

7

8   <u>Defendant Equifax Information Services LLC's Statement</u>

9        Equifax complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§

10  1681 et seq. and the California Consumer Credit Reporting Agencies Act (""CCRAA"") and

11  denies the claims asserted by Plaintiff.  Equifax maintains reasonable procedures to assure the

12  maximum possible accuracy of the credit files in its database, including the Plaintiff's credit

13  file.  Equifax timely reinvestigated the Plaintiff's disputes.

14

15  <u>Defendant Trans Union LLC's Statement</u>

16       At all times, Trans Union, LLC maintained reasonable procedures to assure maximum

17  possible accuracy of the information concerning Plaintiff.  At all times, Trans Union, LLC was

18  in compliance with the requirements of the FCRA and CCRAA with respect to Plaintiff.

19  **3.    <u>Legal Issues</u>**

20  a.    Did Chase violate 15 U.S.C. 1681s-2b of the Fair Credit Reporting Act ("FCRA") by

21  failing to conduct a reasonable investigation of plaintiff's multiple disputes of the derogatory

22  information on his credit report.

23  b.    Did Experian, Equifax and Trans Union violate the FCRA or California Consumer Credit

24  Reporting Agencies Act ("CCRAA"), either by failing to follow reasonable procedures to assure

25  maximum possible accuracy (15 U.S.C. §1681e(b); Cal. Civ. Code § 1785.14(b)) or failing to

26  reasonably process Plaintiff's disputes (15 U.S.C. §1681i; Cal. Civ. Code § 1785.16(a), (b))?

27  c.    Was Plaintiff damaged by any alleged FCRA or CCRAA violations by Defendants?

28  d.    Were defendants' alleged violations of the FCRA or CCRAA willful so as to authorize an

JOINT CASE MANAGEMENT STATEMENT     N.D. Cal. Case #CV08 01134 JF

1     award of punitive damages?

2

3  **4.    Motions**

4         There are no motions pending.  As discovery progresses, related motions may be

5  necessary.  Further, depending on the facts learned during discovery, the parties may bring

6  motions for summary judgment.

7

8  **5.    Amendment Of Pleadings**

9         The parties do not contemplate amending any pleadings at this time but request that the

10 Court establish a deadline for same on or after September 30, 2008.

11

12 **6.    Evidence Preservation**

13        In part because of policies already in place, the parties do not anticipate evidence

14 preservation to be an issue in this case but, if necessary, the parties will take further appropriate

15 steps to preserve evidence relevant to issues reasonably evident in this action.

16

17 **7.    Disclosures**

18        The parties will make initial disclosures pursuant to Federal Rule of Civil Procedure 26

19 (a)(1) no later than June 13, 2008.

20

21 **8.    Discovery**

22        Trans Union LLC is the only party which has propounded written discovery to date.  The

23 parties anticipate propounding written discovery and taking depositions of the parties and any

24 third parties that may have knowledge regarding alleged liability, defenses, or damages.  The

25 parties propose to adhere to the numerical limits on written discovery set out in the Federal

26 Rules.

27

28

JOINT CASE MANAGEMENT STATEMENT     N.D. Cal. Case #CV08 01134 JF

Defendant Experian Information Solutions, Inc.'s Statement

Defendant Experian requests a discovery cutoff date no sooner than January 5, 2009.

Defendant Experian requests a dispositive motion cutoff date no sooner than January 26, 2009.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

The parties know of no related cases.

**11.    Relief**

Plaintiff Gerard Wytman's Statement

Plaintiff seeks actual and punitive damages, as well as an injunction requiring Defendants to withdraw the contested derogatory credit information.  Actual damages include damages stemming from lost opportunity to refinance mortgage, lost professional opportunities, and emotional distress.  Plaintiff also seeks costs and reasonable attorney's fees.

Defendants deny that Plaintiff is entitled to damages.

Defendant Chase Home Finance LLC's Statement

At this time, Chase denies that Plaintiff is entitled to any damages.

Defendant Experian Information Solutions, Inc.'s Statement

Defendant Experian disputes Plaintiff's requests for relief.  Experian denies allegations that it has violated the FCRA or the CCRAA.  Experian denies that Plaintiff has been injured by any act or omission on Experian's part. Experian denies that Plaintiff is entitled to actual or punitive damages or  injunctive relief for alleged violations of the FCRA and CCRAA, or to any other relief whatsoever, from Experian.  Experian further denies that Plaintiff is entitled to costs or attorney's fees.

Defendant Equifax Information Services LLC's Statement

Equifax Information Services LLC denies that it caused Plaintiff's damages, if any. Plaintiff's alleged injuries and damages, if any, were directly and proximately caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause.

Defendant Trans Union LLC's Statement

Trans Union, LLC denies that Plaintiff is entitled to the relief requested from Trans Union pursuant to the FCRA, the CCRAA or any other law.

**12.    Settlement And ADR**

No ADR has taken place. The parties have agreed to an early settlement conference with a Magistrate Judge and have filed a Notice of Need for ADR Phone Conference.

**13.    Consent To Magistrate Judge For All Purposes**

The parties do not unanimously consent to assignment of a Magistrate Judge for all purposes.  Accordingly, the case was reassigned to the Hon. Jeremy Fogel.

**14.    Other References**

Not applicable.

**15 .    Narrowing Of Issues**

It is premature at this time to determine whether the factual or legal issues in this case could be narrowed by stipulation or otherwise.

**16.    Expedited Schedule**

The parties do not believe that this case is appropriate for expedited scheduling.

**17.** **Scheduling**

The parties agree that discovery, expert designations, motion deadlines, pretrial conference, and trial date can be scheduled after the parties participate in the early settlement conference.

**18.** **Trial**

Plaintiff has demanded a jury.  The parties estimate a trial lasting 4-5 days.

Defendant Experian Information Solutions, Inc.'s Statement

Defendant Experian requests a trial date no sooner than February 25, 2009.

**19.** **Disclosure Of Non-Party Interested Entities Or Persons**

All parties have filed a Certification of Interested Entities or Persons.

Plaintiff Gerard Wytman's disclosures

 Plaintiff has disclosed Patricia Farmer, his domestic partner.

Defendant Chase Home Finance LLC's disclosures

Chase is a wholly owned subsidiary of Chase Home Finance Inc., which is a wholly owned subsidiary of JPMorgan Chase Bank, National Association, which is a wholly owned subsidiary of JPMorgan Chase & Co., a publicly traded corporation. No publicly held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.''s stock as of October 7, 2005.

Defendant Experian Information Solutions, Inc.'s disclosures

Defendant Experian has disclosed the following entities:

First American Real Estate Solutions, LLC

First American Real Estate Solutions II, LLC

Vehicle Title, LLC

Central Source LLC

1  Online Data Exchange LLC

2  New Management Services LLC

3  VantageScore Solutions LLC

4  Publicly Held Companies:  Experian Group Limited owns 100 percent of Experian.  Experian

5  Group Limited is a Jersey, Channel Islands company which is publicly traded on the London

6  Stock Exchange.

7

8  Defendant Equifax Information Services LLC's disclosures

9          Pursuant to Civil L.R. 3-16, Equifax Information Services LLC certifies that, as of this

10  date, other than Defendant Equifax Information Services LLC and its parent company Equifax

11  Inc., there is no other individual or entity that could be substantially affected by the outcome of

12  this proceeding.

13

14

15  Defendant Trans Union LLC's disclosures

16          Pursuant to Civil L.R. 3-16, Trans Union, LLC certifies that as of this date, other than

17  Defendant Trans Union, LLC and its parent corporation, Trans Union Corp., there is no other

18  individual or entity known to counsel that has a direct penuniary interest in the outcome of this

19  case.

20

21  **20.    Other Matters**

22          None known at this time.

23

24  I attest that concurrence in the filing of the document has been obtained from each of the other
signatories.

25  DATED:  June 16, 2008                    LAW OFFICE OF WILLIAM E. KENNEDY

26

27                                         ___/s/_____

28                          By:    WILLIAM E. KENNEDY

1

2          Attorneys for Plaintiff GERARD WYTMAN

3

4    DATED:  June 16, 2008          ADORNO ROSS ALVARADO & SMITH

5                                        /s/
                                 By:    S. Christopher Yoo
6                                        Attorneys for Defendant CHASE HOME
                                         FINANCE LLC
7

8    DATED:  June 16, 2008          JONES DAY

9

10                                       /s/
                                 By:    Roya N. Graziano
11

12                                       Attorneys for Defendant EXPERIAN
                                         INFORMATION SOLUTIONS, INC.

13   DATED:  June 16, 2008          NOKES & QUINN

14

15                                       /s/
                                 By:    Thomas P. Quinn, Jr.
16                                       Attorneys for Defendant EQUIFAX
                                         INFORMATION SERVICES LLC
17

18   DATED:  June 16, 2008          SCHUCKIT & ASSOCIATES

19

20                                       /s/
                                 By:    Alan M. Gill, Esq. (Admitted *Pro Hac Vice*)
21                                       Christopher T. Lane (Admitted *Pro Hac Vice*)
                                         Schuckit & Associates, P.C.
22                                       30th Floor, Market Tower
                                         10 W. Market Street, Suite 3000
23                                       Indianapolis, IN 46204
                                         Telephone: 317-363-2400
24                                       Fax: 317-363-2257
                                         E-mail: agill@schuckitlaw.com
25                                       E-mail: clane@schuckitlaw.com
26                                       Lead Counsel for Defendant TRANS UNION, LLC

27

28